[Cite as *Galluzzo v. Galluzzo*, 2012-Ohio-502.]

IN THE COURT OF APPEALS OF CHAMPAIGN COUNTY, OHIO

|                                      |   |                                        |
|--------------------------------------|---|----------------------------------------|
|                                      | : |                                        |
| TERESA A. GALLUZZO (nka COOK)        |   |                                        |
|     Plaintiff-Appellee               | : | C.A. CASE NO. 2011-CA-11               |
|                                      |   |                                        |
| vs.                                  | : | T.C. CASE NO. 93-DR-247                |
|                                      |   |                                        |
|                                      | : | (Civil Appeal from                     |
| MICHAEL A. GALLUZZO                   |   | Common Pleas Court)                    |
|     Defendant-Appellant              | : |                                        |

. . . . . . . . .

## O P I N I O N

Rendered on the 10th day of February, 2012.

. . . . . . . . .

Mark M. Feinstein, Atty. Reg. No. 0065183, 214 Scioto Street, Urbana, OH 43078
        Attorney for Plaintiff-Appellee

Michael A. Galluzzo, P.O. Box 710, St. Paris, OH 43072
        Defendant-Appellant, Pro Se

. . . . . . . . .

GRADY, P.J.:

        This appeal arises from a divorce proceeding between Michael Galluzzo and Teresa Galluzzo (n.k.a. Cook).  The history of the proceeding before the trial court is quite lengthy.  It is not necessary for disposition of this appeal to recount the full history of this lengthy litigation, but we will highlight a few, pertinent

points.

Michael[1] and Teresa were divorced in June of 1994. Teresa was designated the residential parent of the two children born during their marriage: Sara, who was born on August 4, 1989, and Kelsie, who was born on June 22, 1992. In October of 1998, Michael filed a motion to reallocate parental rights and responsibilities and to designate him the residential parent and legal custodian of the two minor children. Over the next decade, the parties filed numerous motions.

On February 5, 2009, the trial court ruled on thirteen pending motions, denying the relief requested. As the trial court noted in Journal Entry:

> delay in this case occurred in part due to numerous filings by the parties; continuance requests; objections; mediation; change of counsel; psychological evaluations; appeals; criminal proceedings; and litigation in federal court initiated by [Michael], said litigation occurring at both trial and appellate levels.

Both parties appealed from the February 5, 2009 judgment. We dismissed those appeals for lack of a final order. On March 9, 2011, the trial court entered an order determining the remaining

---

[1] For purposes of clarity and convenience, the parties are referred to by their first names.

motions the parties had filed.  Michael filed a notice of appeal from the March 9, 2011 order.

**FIRST ASSIGNMENT OF ERROR**

"AS A MATTER OF LAW, THE TRIAL COURT ERRED IN DISMISSING APPELLANT/DEFENDANT'S TIMELY-FILED MOTIONS WITHOUT PROVIDING HIM A MEANINGFUL OPPORTUNITY TO BE HEARD AND HOLDING STATUTORILY-REQUIRED HEARINGS WITHIN A MEANINGFUL TIME."

Michael identifies nine motions he filed that were denied by the trial court on February 5, 2009.  A number of these motions pertain to the orders allocating parental rights and responsibilities for the care of minor children pursuant to R.C. 3109.04.  It is undisputed that both children have now attained the age of majority.  There is no relief we can now grant to remedy the errors Michael assigns.  Therefore, any errors involving these motions are moot.  Michael concedes as much on page six of his appellate brief.

Michael argues that the trial court's denial of his remaining motions denied him the opportunity to be heard in violation of his right to due process.  However, Michael does not identify when that occurred, how it occurred, or where in the record the error is portrayed.  Defendant's appellate brief, therefore, is not in compliance with App.R. 16(A)(6) and (7), which require:

(A) Brief of the appellant

The appellant shall include in its brief,

under the headings and

in the order indicated,

all of the following:

(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.

(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

Because we must presume the regularity of the trial court's proceedings, Michael's failure to comply with App.R. 16 requires us to overrule the errors he assigns.

The first assignment of error is overruled.

## SECOND ASSIGNMENT OF ERROR

"AS A MATTER OF LAW, THE COURT COMMITTED PLAIN ERROR IN DENYING JUDGMENT WHERE PLAINTIFF FAILED TO RESPOND TO DEFENDANT'S MOTIONS AND FAILED TO RESPOND TO DEFENDANT'S MOTION FOR DEFAULT JUDGMENT."

Michael argues that because Teresa failed to file a response to his October 3, 2008 motion to vacate the orders of the trial court pertaining to custody, after the court on October 7, 2008, had set a deadline of October 31, 2008, for Teresa's response, Michael was entitled to a default judgment pursuant to Civ.R. 55 and costs pursuant to Civ.R. 54(C). We do not agree.

Civ.R. 75(F) provides, in part: "The provisions of Civ.R. 55 shall not apply in actions for divorce, annulment, legal separation, or civil protection orders." The underlying case was a divorce action. Consequently, Michael could not obtain a default judgment pursuant to Civ.R. 55.

The second assignment of error is overruled.

THIRD ASSIGNMENT OF ERROR

"THE COURT ABUSED ITS DISCRETION TO MODIFY CUSTODY TO DEFENDANT WHERE THE TESTIMONY OF CONTINUED HOSTILITY BY PLAINTIFF, CUSTODIAL INTERFERENCE BY THE PLAINTIFF, AND PLAINTIFF'S REPEATED DENIAL OF ACCESS TO THE PARTY'S CHILDREN FOR DEFENDANT'S COURT-ORDERED VISITATION, IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

Michael argues that the trial court erred in failing to grant a motion he filed in 1998 to modify a prior order allocating parental rights and responsibilities and grant him sole custody of the two minor children. As we discussed above, both children are now

emancipated. Consequently, the error assigned is moot for the reasons previously explained.

The third assignment of error is overruled.

## FOURTH ASSIGNMENT OF ERROR

"AS A MATTER OF LAW, IT IS PLAIN ERROR FOR THE COURT TO FAIL TO COMPLETE A STATUTORILY-REQUIRED CHILD SUPPORT RECALCULATION AS REQUESTED, AND WHERE THE COURT SUBSTITUTED A CHILD SUPPORT RECALCULATION MADE BY THE CSEA IN THE RECORD, WHICH RECALCULATION THE AGENCY WAS WITHOUT JURISDICTION TO PERFORM."

Michael argues that the trial court erred when it failed to perform the child support recalculation that R.C. 3119.79(A) requires when Michael sought that relief, and instead adopted a recalculation made by the Child Support Enforcement Agency ("CSEA"). Michael relies on O.A.C. 5101:12-60-05.1(G), which provides:

> The CSEA is not required to administratively review or adjust a child support order when either party elects to proceed through court, either through self-representation or through private counsel, or an action has been filed with the court by either party that may have an impact on the administrative review.

O.A.C. 5101:12-60-05.1(G) does not prohibit a CSEA recalculation, and instead provides that such an administrative

review or adjustment is not required.

Michael also argues that the "jurisdictional priority rule" precludes the trial court's adoption of the CSEA calculation. However, CSEA is not another "court." Furthermore, the recalculation that R.C. 3119.79(A) requires the court to perform does not require the court to perform the mathematical calculations. The court may adopt a recalculation submitted by a party or performed by CSEA if the court finds that recalculation is correct and reasonable. Michael does not contend that the recalculation the court adopted failed to satisfy those requirements.

The fourth assignment of error is overruled. The judgment of the trial court will be affirmed.


DONOVAN, J. and HALL, J. concur.

Copies mailed to:

Mark M. Feinstein, Esq.
Michael Galluzzo
Hon. Lori L. Reisinger